UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NONA ODOM                                             CIVIL ACTION

VERSUS                                                    NO. 19-13953

LAKEVIEW BEHAVIORAL HEALTH,          SECTION "R" (4)
LLC, ET AL.

## ORDER AND REASONS

Before the Court is defendant University Healthcare System, L.C.'s ("UHS") unopposed motion for involuntary dismissal. For the following reasons, the Court denies the motion.

## I.    BACKGROUND

Plaintiff Nona Odom brought this action under Title VII of the Civil Rights Act for racial discrimination and retaliation. In her initial complaint, filed in November 2019, plaintiff named Lakeview Regional Behavioral Health ("Lakeview Regional") as the sole defendant.[1] Plaintiff later amended her complaint to add Lakeview Medical Center, LLC ("Lakeview Medical") as defendant, and to remove Lakeview Regional.[2]    UHS answered the

---

[1]    R. Doc. 1.
[2]    R. Docs. 4 & 8.

complaint, identifying itself as the successor in interest to Lakeview Medical.[3]

On March 27, 2020, the Court granted UHS's unopposed motion to stay the case due to the effects of the COVID-19 pandemic on the parties' ability to conduct discovery and prepare for trial.[4]  The action was stayed pending a motion from either party to lift the stay after expiration of the Court's COVID-19 General Order No. 20-2.[5]  The COVID-19 General Orders expired on December 31, 2022,[6] and no party moved to lift the stay.

UHS now moves for involuntary dismissal of plaintiff's claims with prejudice for lack of prosecution.[7]  UHS contends that it has attempted to contact plaintiff's counsel to request voluntary dismissal, but it has not received a reply.[8]  UHS therefore contends that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is warranted given plaintiff's prolonged failure to reopen the case and prosecute her claims, and that such dismissal should be with prejudice because of the burden of continued

---

[3]    R. Doc. 11.

[4]    R. Doc. 14.

[5]    *Id.*

[6]    COVID-19 General Order No. 22-7 (Nov. 14, 2022).

[7]    R. Doc. 15.  On February 9, 2024, the Court lifted the stay, without motion by either party, for the limited purpose of ruling on UHS's motion to dismiss.  R. Doc. 16.

[8]    R. Doc. 15-1.

2

litigation upon UHS, plaintiff's lack of communication, and plaintiff's own testimony, during a deposition in a related case, indicating that she will not be able to maintain a claim.[9]  Alternatively, UHS requests that the Court set a status conference to determine plaintiff's interest in prosecuting the matter.[10]  Plaintiff did not file any opposition or otherwise respond to the motion.

The Court considers the motion below.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate."  *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) ("Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without

---

[9]    *Id.* at 4; R. Doc. 15-5.
[10]   R. Doc. 15-1.

3

prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket."). Therefore, dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)). A clear record of delay is found where there have been "significant periods of total inactivity." *Shaw v. The United Mexican States*, No. 23-40422, 2024 WL 1113013, at *2 (5th Cir. Mar. 14, 2024) (per curiam) (citation and internal quotation marks omitted); *see also Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) (internal quotation marks omitted)) ("This Court has recognized that delay which warrants dismissal with prejudice must be longer than just a few months."). Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

The Court finds that the harsh remedy of dismissal with prejudice under Rule 41(b) is not warranted in this case. Although there has been

4

nearly a three-year period of total inactivity, neither party, including UHS, which requested the stay in March 2020, moved to lift the stay following the expiration of the Court's COVID-19 General Order. And the Court has never set a date by which plaintiff was required to move to lift the stay, nor has it issued any warnings to plaintiff that dismissal will result from any continued failure to proceed. *See Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 985 F.2d 557, 1993 WL 35716, at *8 (5th Cir. Feb. 5, 1993) (considering whether there was a pattern consisting of "warning, ultimatum, and subsequent default" before a Rule 41(b) dismissal); *see also Mestayer v. United States*, Nos. 94-3187 & 94-3204, 2000 WL 943213, at *1 (E.D. La. July 6, 2000) (citing Fifth Circuit authority requiring both a clear record of delay over long periods of inactivity and repeated court warnings that dismissal would result from plaintiff's continued failure to proceed to warrant dismissal with prejudice under Rule 41(b)). Furthermore, there is no evidence that plaintiff's inactivity has caused actual prejudice to the defendants while the action was stayed. The Court therefore finds that a less severe sanction in the form of a warning is warranted before resorting to dismissal with prejudice for plaintiff's failure to prosecute. *See Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (per curiam) (holding that a court's repeated warnings that plaintiff's failure to comply with its orders

would lead to dismissal qualifies as "lesser sanctions"); *Rogers*, 669 F.2d at 321-22 (explaining that explicit warnings are among the lesser sanctions that courts should consider before dismissing a case with prejudice under Rule 41(b)).

Accordingly, the Court orders plaintiff to file in the record by April 17, 2024, a notice of her intent to pursue this matter or, if not, a motion for voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(2). Plaintiff's failure to timely comply with this order will result in this case being dismissed pursuant to Rule 41(b). *See Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) ("This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962))).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES UHS's motion for involuntary dismissal.  The Court ORDERS the stay of this proceeding be LIFTED for all purposes.  The Court further ORDERS plaintiff to file in the record by **April 17, 2024,** a notice of her intent to pursue this matter or, if not, a motion for voluntary dismissal.  Plaintiff's failure to timely comply with this order will result in this case being dismissed pursuant to Rule 41(b).

New Orleans, Louisiana, this   20th   day of March, 2024.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7